UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

                Plaintiffs,

v.

HEMPER CO., LLC, BRH FULFILLMENT
LLC, LINSE LIGHTERS, INC., SNOOZY
FRESHNERS, LLC, DANIEL RAHBAR
DISTRIBUTIONS AND REPRESENTATIONS
LLC, and DANIEL RAHBAR,

                Defendants.

Civil Action No. 5:17-cv-952 (GTS/TWD)

---

## COMPLAINT AND JURY DEMAND

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs") by and through their counsel Bond, Schoeneck & King, PLLC, for their Complaint against defendants Hemper Co., LLC ("Hemper"), BRH Fulfillment LLC ("BRH"), Linse Lighters, Inc. ("Linse"), Snoozy Freshners, LLC ("Snoozy"), Daniel Rahbar Distributions and Representations LLC ("DRD&R"), and Daniel Rahbar ("Rahbar") (collectively, "Defendants") allege as follows:

### JURISDICTION AND VENUE

1.    This action arises under the Lanham Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, related state statutes and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a).

2965394.4

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d).

## PARTIES

3. Plaintiff CFC is a Delaware corporation that has its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601.

4. Plaintiff JSL is a Bermuda corporation that has its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5. Upon information and belief, defendant Hemper is a New York limited liability company that has its principal place of business at 315 Oser Avenue, Hauppauge, New York 11788.

6. Upon information and belief, defendant BRH is a New York limited liability company that has its principal place of business at 4 Pond Ridge Road, Woodbury, New York 11797.

7. Upon information and belief, Linse is a California corporation that has its principal place of business at 1326 Capri Drive, Los Angeles, California 90272.

8. Upon information and belief, defendant Snoozy is a California limited liability company that has its principal place of business at 1326 Capri Drive, Los Angeles, California 90272.

9. Upon information and belief, defendant DRD&R is a California corporation that has its principal place of business at 1326 Capri Drive, Los Angeles, California 90272.

10. Upon information and belief, defendant Rahbar is an individual who resides at 1326 Capri Drive, Los Angeles, California 90272.

11. Upon information and belief, Defendants operate businesses that advertise and sell smoking paraphernalia and other items, including air fresheners, via the internet across the United States, including in the Northern District of New York.

## PLAINTIFFS' BUSINESS AND TRADEMARKS

### The Tree Design Marks

12. For over 60 years, under license from JSL and its predecessors, CFC and its predecessors have used trademarks and corporate identifiers comprising or containing a distinctive Tree design (the "Tree Design Marks"), in connection with the manufacture, marketing and sale of various products, including without limitation the world famous air fresheners in the distinctive Tree design shape ("LITTLE TREES Air Fresheners"). As a result of this long and extensive use on quality products and this long and extensive use as corporate identifiers, the Tree Design Marks are well known and well received.

13. Plaintiffs' and their respective predecessors' rights in the Tree Design Marks date back to at least 1952.

14. JSL is the owner of the Tree Design Marks, and CFC is the exclusive licensee of the Tree Design Marks for air fresheners in the United States.

15. Plaintiffs use the Tree Design Marks in many different fashions to identify Plaintiffs as the source of high quality goods. Among many other uses, the

Tree Design Marks appear on the packaging for Plaintiffs' products, on the products themselves, in various forms of advertising and promotions for Plaintiffs and their products, throughout websites operated by Plaintiffs, and as the shape and configuration of the LITTLE TREES Air Fresheners.

16. JSL owns the following incontestable federal trademark registrations for the Tree Design Marks, among others:

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| (tree design) | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| (tree design) | 1,781,016 | July 13, 1993 | Air freshener, in Class 5 |
| (tree outline) | 1,791,233 | September 7, 1993 | Air freshener, in Class 5 |
| (tree outline) | 3,766,310 | March 30, 2010 | Air fresheners, in Class 5; pens and stickers, in Class 16; luggage tags, in Class 18; shirts and hats, in Class 25 |

17. Pursuant to 15 U.S.C. § 1115(a), JSL's registrations of the Tree Design Marks are *prima facie* evidence of the validity of such marks, of JSL's ownership of

such marks, and of JSL's exclusive right to use and license such marks in connection with the goods identified in such registrations. Pursuant to 15 U.S.C. § 1115(b), JSL's incontestable registrations noted above are conclusive evidence of the validity of the marks and their corresponding registrations, of JSL's ownership of those marks, and of Plaintiffs' exclusive right to use those marks in commerce.

19. Examples of Plaintiffs' products bearing the Tree Design Marks are shown immediately below:

  

19. Plaintiffs have spent, and continue to spend, significant amounts of time and money developing, testing, and promoting their goods sold under the Tree Design Marks.

20. Plaintiffs' products bearing the Tree Design Marks are widely promoted in a variety of media, including on numerous websites, magazines and printed promotional materials.

21. Plaintiffs' products are sold through a wide variety of different trade channels, and they appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

22. As a result of this long and extensive use and promotion, Plaintiffs' Tree Design Marks enjoy widespread public recognition. They have acquired

tremendous goodwill and secondary meaning among the consuming public, which recognizes the Tree Design Marks as exclusively associated with Plaintiffs.

23. Plaintiffs' Tree Design Marks are famous throughout the United States and have enjoyed such fame since long prior to Defendants' infringing acts complained of herein.

24. JSL also has potent common law trademark rights in and to its Tree Design Marks by virtue of their longstanding and well-recognized use in commerce.

### The BLACK ICE Trademarks

25. In addition to the Tree Design Marks described above, since at least as early as 2004, CFC, through license from JSL, has also used trademarks containing or comprising BLACK ICE (the "BLACK ICE Marks") on and in connection with the manufacture, marketing and sale of various air fresheners. Examples of Plaintiffs' use of the BLACK ICE Marks are depicted in the image below, which is taken from Plaintiffs' website located at www.littletrees.com:



2965394.4

26.     Products bearing the BLACK ICE Marks are among Plaintiffs' best-selling items, and have become widely known to consumers, who associate those marks exclusively with Plaintiffs and Plaintiffs' high quality products. On information and belief, BLACK ICE is also the best-selling automotive air freshener fragrance in the United States.

27.     JSL is the owner of the BLACK ICE Marks, and CFC is the exclusive licensee of such marks for air fresheners and related products in the United States.

28.     Plaintiffs use the BLACK ICE Marks in a variety of ways to identify Plaintiffs as the source of high quality air fresheners and related products. Among many other uses, the BLACK ICE Marks appear on the packaging for Plaintiffs' products, in various forms of advertising and promotions for Plaintiffs and their products and throughout websites operated by Plaintiffs.

29.     Products bearing the BLACK ICE Marks have become staples of American commerce, familiar to millions of consumers who encounter these products and marks in a wide variety of commercial contexts. Consumers know and recognize such marks as designating products and services of the highest and most reliable quality.

30.     Plaintiffs' products bearing and sold in connection with the BLACK ICE Marks are marketed and sold widely throughout the United States and in most countries throughout the world, and they appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

31. Plaintiffs' products bearing the BLACK ICE Marks are also widely promoted in a variety of media, including on websites, magazines and printed promotional materials.

32. As a result of this widespread and longstanding use and promotion of the BLACK ICE Marks, and the products they designate, Plaintiffs' products sold in connection with such marks have been a phenomenal commercial success.

33. As a result of this long and extensive promotion and use in association with high-quality products, the BLACK ICE Marks have acquired tremendous goodwill and secondary meaning among the consuming public, which recognizes such marks as exclusively associated with Plaintiffs.

34. The BLACK ICE Marks are well-known and/or famous among the general consuming public and have enjoyed such renown and/or fame long prior to Defendants' infringing and diluting acts complained of herein.

35. The BLACK ICE Marks are non-functional and serve as arbitrary source identifiers of the Plaintiffs and their highly regarded products.

36. JSL owns the following federal trademark registrations for the BLACK ICE Marks:

| Mark | Registration No. | Registration Date | Goods |
| --- | --- | --- | --- |
| BLACK ICE | 3,126,834 | August 8, 2006 | Air fresheners, in Class 5 |
| BLACK ICE | 4,221,968 | October 9, 2012 | Scented sprays for air, rooms, motor vehicles and the like, in Class 3 |

37. Registration No. 3,126,834 is incontestable pursuant to 15 U.S.C. § 1065.

2965394.4

38. Pursuant to 15 U.S.C. § 1115(a), JSL's registrations of the BLACK ICE Marks are *prima facie* evidence of the validity of such marks, of JSL's ownership of such marks, and of JSL's exclusive right to use and license such marks in connection with the goods identified in such registrations. Pursuant to 15 U.S.C. § 1115(b), JSL's incontestable registration noted above is conclusive evidence of the validity of the mark and its corresponding registration, of JSL's ownership of that mark, and of Plaintiffs' exclusive right to use that mark in commerce.

39. JSL also has strong common law trademark rights in the BLACK ICE Marks by virtue of their longstanding and well-recognized use in commerce in connection with various goods and services.

40. The BLACK ICE Marks are famous, inherently distinctive, have acquired distinctiveness and secondary meaning, represent valuable goodwill, have gained a reputation for quality belonging exclusively to JSL, and are widely recognized by the general consuming public of the United States as designations of source for Plaintiffs' products.

## THE DEFENDANTS' ACTIVITIES

41. Plaintiffs recently discovered that Defendants, without authorization from Plaintiffs, have offered for sale and sold air-fresheners that are confusingly similar to Plaintiffs' famous Tree Design Marks, and that Defendants have also infringed Plaintiffs' BLACK ICE Marks by using "Black Ice" on and in connection with the marketing and sale of air fresheners (collectively, the "Infringing Products").

42.   For example, Hemper has infringed Plaintiffs' Tree Design Marks and Plaintiffs' BLACK ICE Marks by offering the following tree-shaped, "Black Ice" air freshener for sale on its website:



43.   Upon information and belief, Linse sold and delivered to Hemper the Infringing Product pictured above.

44.   Upon information and belief, Linse has also sold and delivered to Hemper other Infringing Products, which Hemper has then offered for resale on its website.

45.   In fact, upon information and belief, Linse has sold and delivered to Hemper thousands of units of air-fresheners that infringe Plaintiffs' Tree Design Marks and/or Plaintiffs' BLACK ICE Marks, and that Hemper has then resold or offered for resale.

46.   In addition to Hemper, upon information and belief, Linse has also sold and delivered thousands of units of Infringing Products to other businesses for resale and distribution.

47.   Upon information and belief, Snoozy is one of the other businesses to which Linse has sold thousands of Infringing Products for resale and distribution.

2965394.4

48.  According to information filed with the California Secretary of State, Snoozy's business is "selling air freshners [sic]."

49.  In addition, upon information and belief, Linse has offered for sale and sold Infringing Products directly to end users, including the following "Black Ice" air freshener:



50.  Upon information and belief, Hemper and Linse have each advertised, offered for sale, sold, and/or distributed Infringing Products via the internet throughout the United States, including in the Northern District of New York.

51.  For example, on April 11, 2017, Linse and/or Snoozy transacted to sell the following air-freshener to a customer in the Northern District of New York, infringing Plaintiffs' BLACK ICE Marks:



2965394.4

52. Similarly, on March 16, 2017, Hemper sold the following air freshener to a customer in the Northern District of New York, infringing Plaintiffs' Tree Design Marks and BLACK ICE Marks:



53. As stated above, upon information and belief, Linse has sold and delivered thousands of such Infringing Products to Hemper.

54. Upon information and belief, defendant DRD&R has also sold and delivered thousands of such Infringing Products to Hemper, including at least 5,000 tree-shaped air fresheners similar to the one pictured above.

55. According to information on file with the California Secretary of State, Linse, Snoozy and DRD&R all have the same address: 1326 Capri Drive, Los Angeles, California 90272.

56. Upon information and belief, that address is also the residence of defendant Rahbar.

57. According to information on file with the California Secretary of State, Rahbar is the Chief Executive Officer, Chief Financial Officer, and a Director of Linse.

2965394.4

58. According to information on file with the California Secretary of State, Rahbar is the Chief Executive Officer of Snoozy.

59. According to information on file with the California Secretary of State, Rahbar is the Chief Executive Officer of DRD&R.

60. Upon information and belief, Rahbar personally participated in, directed and controlled all of the activities of defendants Linse, Snoozy, and DRD&R complained of herein.

61. The Infringing Product pictured above that Hemper sold to a customer in the Northern District of New York on March 16, 2017, was delivered to the customer in this district by defendant BRH.

62. Upon information and belief, Hemper and BRH share common ownership.

63. Hemper's website redirects purchasers to the online "Hemper Store" located at "www.brhfulfillment.com."

64. Plaintiffs have never given Defendants permission to use Plaintiffs' Tree Design Marks or BLACK ICE Marks in the sale or promotion of Defendants' products.

65. Defendants' use of a design that is nearly identical to Plaintiffs' famous Tree Design Marks, as well as their use of "Black Ice" in connection with the promotion and sale of air fresheners has been and is likely to cause confusion as to the source and origin of Defendants' products and has been and is likely to cause confusion or mistake, or to deceive consumers as to the source or sponsorship of

2965394.4

Defendants' products and to mislead the public into believing that Defendants' products emanate from, are approved or sponsored by, are licensed by, or are in some way associated or connected with Plaintiffs.

66.     Upon information and belief, Defendants were aware of Plaintiffs' famous Tree Design Marks and BLACK ICE Marks prior to their promotion and sale of the Infringing Products, but nevertheless intentionally proceeded with the promotion and sale of the Infringing Products with disregard for Plaintiffs' rights.

67.     Defendants, by their acts complained of herein, have infringed the Tree Design Marks and BLACK ICE Marks, diluted the unique commercial impression of the Tree Design Marks and BLACK ICE Marks, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiffs to sell their goods, which are not connected with, or authorized, approved, licensed, produced, or sponsored by, Plaintiffs.

68.     Defendants' aforesaid acts have caused and, if continued, will continue to cause irreparable damage and injury to Plaintiffs, for which they have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### INFRINGEMENT OF A REGISTERED TRADEMARK
### (Federal)

69. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 68 as if set forth herein.

70. Defendants' unlawful and improper actions as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Defendants' goods and falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or approved by, Plaintiffs.

71. Defendants' activities constitute an infringement of the Tree Design Marks and BLACK ICE Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

72. Defendants' acts of infringement have caused injury to Plaintiffs.

73. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

74. Defendants' acts of infringement, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

### CLAIM II
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Federal)

75. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 74 as if set forth herein.

2965394.4

76. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

77. Defendants' activities constitute infringement of Plaintiffs' Tree Design Marks and BLACK ICE Marks, false designations of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

78. Defendants' acts of infringement, false designations of origin, and unfair competition have caused injury to Plaintiffs.

79. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

80. Defendants' acts of infringement, false designations of origin, and unfair competition, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## CLAIM III
## TRADEMARK DILUTION
### (Federal)

81. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 80 as if set forth herein.

82. Plaintiffs are the owners and licensees of the rights in and to Plaintiffs' Tree Design Marks and BLACK ICE Marks that are distinctive and famous among

2965394.4

the general consuming public in the United States, and have been famous since long before Defendants engaged in the activities complained of herein.

83. Defendants' activities as described above are likely to dilute, impair, tarnish, and blur the distinctive quality of Plaintiffs' famous Tree Design Marks and BLACK ICE Marks in violation of 15 U.S.C. § 1125(c).

84. Defendants' acts of dilution have caused injury to Plaintiffs.

85. Upon information and belief, Defendant has engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

86. Defendants' acts have caused substantial and irreparable damage and injury to Plaintiffs and in particular to their valuable goodwill and the distinctive quality of their famous Tree Design Marks and BLACK ICE Marks and, if continued, will continue to cause substantial and irreparable damage and injury to Plaintiffs for which they have no adequate remedy at law.

## CLAIM IV
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

87. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 86 as if set forth herein.

88. Defendants' activities are likely to dilute Plaintiffs' distinctive Tree Design Marks and BLACK ICE Marks, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

89. Defendants' violations of New York General Business Law § 360-l have caused injury to Plaintiffs.

2965394.4

90. Defendants' violations of New York General Business Law § 360-l have caused, and, if continued, will continue to cause Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

## CLAIM V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Common Law)

91. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 90 as if set forth herein.

92. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by Plaintiffs.

93. Defendants' activities complained of herein constitute trademark infringement and unfair competition under New York State common law.

94. Defendants' aforesaid violations of New York State common law have caused injury to Plaintiffs.

95. Defendants' aforesaid violations of New York State common law, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. That Defendants and their affiliates, officers, agents, servants, employees, successors, and assigns, and all persons in active concert or

participation with them who receive actual notice of the injunction order, by personal service or otherwise, be enjoined, preliminarily and permanently, from:

    1.    Any manufacture, production, sale, import, export, distribution, advertisement, promotion, display, or other exploitation of the Infringing Products;

    2.    Any use of Plaintiffs' Tree Design Marks, BLACK ICE Marks, or any other marks, designs, products, designations, or displays confusingly similar thereto, in connection with any goods or services;

    3.    Committing any other acts that infringe or dilute Plaintiffs' Tree Design Marks or BLACK ICE Marks; and

    4.    Committing any other acts calculated or likely to cause consumers to believe that Defendants or their goods or services are in any manner connected, affiliated, or associated with or sponsored or approved by Plaintiffs.

B.    Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiffs for destruction all units of the Infringing Products and all materials (including without limitation all advertisements, promotional materials, brochures, signs, displays, packaging, labels, and/or website materials) within their possession, custody or control, either directly or indirectly, that display or incorporate the Tree Design Marks, the BLACK ICE Marks, or any other marks, designs, products, designations, or displays confusingly similar thereto;

C.    Pursuant to 15 U.S.C. § 1116, that Defendants file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of final

2965394.4

judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with paragraphs A and B above;

D. Pursuant to 15 U.S.C. § 1117(a), that Defendants be directed to account to Plaintiffs for all gains, profits and advantages derived from Defendants' wrongful acts;

E. Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Defendants three times the amount of Defendants' profits;

F. Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Defendants their attorneys' fees and costs in this action;

G. That Plaintiffs recover prejudgment interest; and

H. That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: August 29, 2017

BOND, SCHOENECK & KING, PLLC

By: *Liza R Magley*

Louis Orbach (507815)
Liza R. Magley (519849)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
E-mail: lorbach@bsk.com
E-mail: lmagley@bsk.com

*Attorneys for Plaintiffs*

2965394.4